Mark B. French
The Law Office of Mark B. French
1901 Central Drive, Suite 704
Bedford, TX 76021

Bar Number:  07440600
Phone:  (817) 268-0505

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | | |
|---|---|---|---|
| In re: **Monty Wade Moore**<br>313 Olde Knoll Place<br>Rio Vista, Texas 76093 | xxx-xx-9354 § § § § § | Case No: | 23-42765-ELM-13 |
| | | Date: | 9/14/2023 |
| | | Chapter 13 | |

Debtor(s)

*AMENDED 2/26/2024*
**DEBTOR'S(S') CHAPTER 13 PLAN
(CONTAINING A MOTION FOR VALUATION)**

**DISCLOSURES**

☐ This *Plan* does not contain any Nonstandard Provisions.

☑ This *Plan* contains Nonstandard Provisions listed in Section III.

☑ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☐ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2021-05, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: | $4,450.00 | Value of Non-exempt property per § 1325(a)(4): | $5,402.00 |
| Plan Term: | 60 months | Monthly Disposable Income per § 1325(b)(2): | $2,252.60 |
| Plan Base: | $267,000.00 | Monthly Disposable Income x ACP ("UCP"): | $135,156.00 |
| Applicable Commitment Period: | 60 months | | |

Case No.: 23-42765-ELM-13
Debtor(s): **Monty Wade Moore**

---

**ANY OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND/OR MOTION FOR VALUATION MUST BE FILED AND SERVED ON THE DEBTOR, DEBTOR'S COUNSEL, AND THE TRUSTEE NO LATER THAN 21 DAYS AFTER THE NOTICE OF THE CONFIRMATION HEARING IS FILED AND SERVED IN THE FORT WORTH DIVISION, AND NO LATER THAN 7 DAYS PRIOR TO THE TRUSTEE'S PRE-HEARING CONFERENCE IN THE ABILENE, AMARILLO, DALLAS, LUBBOCK, SAN ANGELO AND WICHITA FALLS DIVISIONS.**

**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.

**SECTION I
DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
FORM REVISED 5/12/21**

A. **PLAN PAYMENTS:**

   *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:
   **$4,450.00** per month, months **1** to **60**.

   For a total of **$267,000.00** (estimated "*Base Amount*").

   First payment is due **10/14/2023**.

   The applicable commitment period ("ACP") is **60** months.

   Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is: **$2,252.60**.

   The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than: **$135,156.00**.

   *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than: **$5,402.00**.

B. **STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

   1. **CLERK'S FILING FEE:** Total filing fees paid through the *Plan*, if any, are **$0.00** and shall be paid in full prior to disbursements to any other creditor.

   2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:** *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2021-05 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

   3. **DOMESTIC SUPPORT OBLIGATIONS:** The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant. Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

C. **ATTORNEY FEES:** To **Mark B. French**, total: **$4,700.00** *;
   **$4,700.00** Pre-petition; **$0.00** disbursed by the *Trustee*.

   * The Attorney fees include (check all appropriate boxes):
   ☒ Standard Fee                          ☐ Business Standard Fee
   ☐ Additional Fee for Motion to Extend/Impose the Automatic Stay
   ☒ Additional Fee for Case in which Debtor will receive Fed. R. Bankr. P. 3002.1 notices

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
|  |  |  |  |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % |  | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| Nebraska Furniture Mart Household Goods | $3,947.81 | $3,948.00 | 0.00% |  | Pro-rata |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
|  |  |  |  |  |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % |  | TREATMENT Pro-rata |
|---|---|---|---|---|
|  |  |  |  |  |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F. SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT Surrender |
|---|---|---|---|
|  |  |  |  |

Case No.: 23-42765-ELM-13
Debtor(s): **Monty Wade Moore**

---

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F. will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

**G.  SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Ally Financial, Inc** | 2021 Ford F350 | $77,284.00 |
| **Dovenmuehle Mortgage, Inc/Cross Country** | 313 Olde Knoll Place | $468,098.00 |

**H.  PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **Department of the Treasury** | $40,000.00 | Month(s) 1-19 | Pro-rata |

**I.  SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **Cassandra Black** | $7,280.00 | Month(s) 1-59 | $121.30 |
|  |  | Month(s) 60-60 | $123.30 |
| **Jackie Bess** | $8,550.00 | Month(s) 1-60 | $142.50 |
| **John Stayer** | $10,633.00 | Month(s) 1-59 | $177.00 |
|  |  | Month(s) 60-60 | $190.00 |
| **Josh Schatzel** | $1,221.00 | Month(s) 1-60 | $20.35 |
| **Lance Alexander** | $11,372.00 | Month(s) 1-59 | $189.50 |
|  |  | Month(s) 60-60 | $191.50 |
| **Michael Morrow** | $3,740.00 | Month(s) 1-59 | $62.30 |
|  |  | Month(s) 60-60 | $64.30 |
| **Michelle Unrue** | $9,545.00 | Month(s) 1-60 | $159.10 |
| **Mike Ryan** | $5,500.00 | Month(s) 1-60 | $91.70 |
| **Nicole Kincaid** | $2,850.00 | Month(s) 1-60 | $47.50 |
| **Paula Jones** | $1,378.00 | Month(s) 1-60 | $23.00 |
| **Rhonda Woodall** | $1,800.00 | Month(s) 1-60 | $30.00 |
| **Roddy Eaton** | $2,195.00 | Month(s) 1-60 | $36.60 |
| **Sam Burgess** | $14,500.00 | Month(s) 1-60 | $241.70 |
| **Terri Welch** | $6,075.00 | Month(s) 1-60 | $101.25 |
| **Tracey Brown** | $9,000.00 | Month(s) 1-60 | $150.00 |

JUSTIFICATION:  **The individuals and entities listed above gave Mr. Moore deposits for construction projects that were not completed. Payments to them before other Creditors is justified because if Mr. Moore is criminally prosected he will be unable to earn income and fund his 100% Plan.**

J.  **UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---:|---|
| **Amex** | $10,481.00 | |
| **Capital One** | $775.00 | |
| **Capital One** | $4,599.00 | |
| **Capital One** | $5,979.00 | |
| **Chase Card Services** | $5,391.00 | |
| **Chase Card Services** | $304.00 | |
| **Citibank/Best Buy** | $2,004.00 | |
| **City of Venus** | $9,000.00 | |
| **Intuit** | $49,549.00 | |
| **Nelnet** | $4,889.00 | |
| **Perfection Collection** | $1,742.00 | |
| **Syncb/walmart** | $1,576.00 | |
| **TMN Enterprise** | $1,348.00 | |
| TOTAL SCHEDULED UNSECURED: | $97,637.00 | |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is     **100%**    .

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

K.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 5/12/21**

A.  **SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

B.  **ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

C.  **ATTORNEY FEES:**

The Standard Fee or Business Standard Fee for the Debtor's(s') Counsel is the amount indicated in Section I, Part C and shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the *Debtor's(s')* Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.  Additional Fees will be paid only after a Notice of Additional Fees and Rule 2016 Disclosure is filed with the Court to which there has been no timely objection or, if an objection is filed, after the entry of an Order by the Court allowing the Additional Fees.

D.(1)  **PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee.*  Such creditors shall retain their liens.

**D.(2) <u>CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:</u>**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*. Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

**D.(3) <u>POST-PETITION MORTGAGE ARREARAGE:</u>**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

**E.(1) <u>SECURED CLAIMS TO BE PAID BY TRUSTEE:</u>**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

**E.(2) <u>SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:</u>**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F. <u>SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:</u>**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G. DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H. PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, either per month or pro-rata (as indicated in Section I), as priority claims, without interest.

**I. CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J. GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L. CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M. ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges*.

**O. CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD*.

**P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.　CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.　BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.　NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T.　DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan* or pursuant to an order of the Court. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

**U.　ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H., which must be designated to be paid as either pro-rata or per mo.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims. These claims must be designated to be paid pro-rata.

**V.   POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary, *Debtor(s)* will modify this *Plan*.

**W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

**SECTION III**
**NONSTANDARD PROVISIONS**

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**DISTRIBUTION TO UNSECURED CREDITORS**
**TO THE EXTENT THE BASE AMOUNT EXCEEDS THE AMOUNT NEEDED TO PAY ALL ALLOWED SECURED, PRIORITY AND ADMINISTRATIVE CLAIMS IN FULL, SUCH EXCESS SHALL BE PAID PRO-RATA TO TIMELY FILED ALLOWED NON-PENALTY GENERAL UNSECURED CLAIMS UP TO 100%, WITH ANY REMAINING BALANCE REFUNDED TO DEBTORS.**

**Payment to Class I - Special Class before General Unsecureds**
**THE INDIVIDUALS AND ENTITIES LISTED IN CLASS I - SPECIAL CLASS WILL BE PAID PER MO. AND WILL BE PAID IN FULL BEFORE ANY DISTRIBUTION TO GENERAL UNSECURED CREDITORS IN CLASS J. THE INDIVIDUALS AND ENTITIES LISTED IN CLASS I GAVE MR. MOORE DEPOSITS FOR CONSTRUCTION PROJECTS THAT WERE NOT COMPLETED. A PORTION OF THESE CLAIMS MAY BE ENTITLED TO PRIORITY PURSUANT TO SECTION 507(A)(7). PAYMENT OF THE CLAIMS LISTED IN CLASS I BEFORE OTHER CREDITORS IS JUSTIFIED BECAUSE A PORTION OF THE CLAIMS ARE LIKELY ENTITLED TO PRIORITY AND IF MR. MOORE IS CRIMINALLY PROSECUTED, HE WILL BE UNABLE TO WORK AND FUND HIS 100% PLAN**

**Post-Petition Statements**
**POST-PETITION STATEMENTS**

**ANY NOTE HOLDER OR SERVICER OF THE DEBTOR(S) MORTGAGE, INCLUDING BUT NOT LIMITED TO LAKEVIEW LOAN SERVICING AND CARRINGTON MORTGAGE SERVICES, LLC, IS SPECIFICALLY AUTHORIZED AND DIRECTED TO SEND ALL POST-PETITION STATEMENTS AND ESCROW NOTICES DIRECTLY TO THE DEBTOR(S) AT THE HOME ADDRESS SHOWN IN THE PETITION.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Mark B. French**
Mark B. French, Debtor's(s') Attorney

Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Mark B. French**
Mark B. French, Debtor's(s') Counsel

07440600
State Bar Number

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the __26th day of February, 2024__:

(List each party served, specifying the name and address of each party)

Dated: __February 26, 2024__        /s/ Mark B. French
                                    Mark B. French, Debtor's(s') Counsel

Abdul Itani
121 Friesian Lane
Waxahachie, TX 75167

Capital One
xxxxxxxxxxxx6269
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Chase Card Services
xxxxxxxxxxxx5313
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

Ally Financial, Inc
xxxxxxxx5731
Attn: Bankruptcy
500 Woodard Ave
Detroit, MI 48226

Capital One
xxxxxxxxxxxx6500
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Chateau De Bel Amour Inc
3025 CR 920
Crowley, Texas 76036

Amex
xxxxxxxxxxxx2213
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998

Cassandra Black
7432 Spring Ranch Court
Godley, Texas 76044

CHEX SYSTEMS INC
ATTN:  CONSUMER RELATIONS
7805 HUDSON ROAD  STE 100
WOODBURY  MN  55125

Amy Hosick
401 N Main Street
Meridian, TX 76665

Cat Financial
PO Box 340001
Nashville, TN 37203-0001

Citibank/Best Buy
xxxxxxxxxxxx1751
Citicorp Cr Srvs/Centralized Bankruptcy
PO Box 790040
St Louis, MO 63179

BRACKETT & ELLIS
100 MAIN STREET
FORT WORTH  TX  76102-5110

Charles Morris
710 St Eric Drive
Mansfield, TX 76063

City of Venus
700 W US Highway 67
Venus, TX 76084

Capital One
xxxxxxxxxxxx3097
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Chase Card Services
xxxxxxxxxxxx5104
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850

CV Harrington
226 Woodard Ave
Cleburne, TX 76033

| | | |
|---|---|---|
| Department of the Treasury<br>IRS<br>Austin, TX 73301-0002 | James Black<br>7432 Spring Rach Ct<br>Godley, TX 76044 | Krystal McCool<br>Little & McCool Law Firm<br>301 S. Rogers Street, Suite 106<br>Waxahachie, TX 75165 |
| Don Finnell<br>1519 Surry Place<br>Cleburne, TX 76033 | Jeff Swain<br>District Attorney Parker County<br>117 Fort Worth Hwy<br>Weatherford, TX 76086 | Kyle Dawson<br>1122 Canton Road<br>Cleburne, TX 76033 |
| Dovenmuehle Mortgage, Inc/Cross Country<br>xxxxxxxxx7958<br>Attn: Bankruptcy<br>1 Corporate Dr. St 360<br>Lake Zurich, IL 60047 | Jennifer Galvin<br>1585 Lizzie Lane<br>Burleson, TX 76028 | Lance Alexander<br>150 County Road 1192<br>Kopperl, TX |
| ELease<br>5403 Olympic Drive NW Suite 200<br>Gig Harbor, WA 98335 | Jennifer Maya<br>720 Wood Ridge Drive<br>Cedar Hill, TX 75104 | LINEBARGER GOGGAN BLAIR SAMPSON ET AL<br>100 THROCKMORTON<br>SUITE 300<br>FORT WORTH  TX  76102-5113 |
| INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>P O BOX 7346<br>PHILADELPHIA  PA  19101-7346 | Jerry Blue<br>1003 Miles Ave<br>Burleson, TX 76028 | LINEBARGER HEARD ET AL<br>2777 N. STEMMONS FREEWAY<br>SUITE 1000<br>DALLAS  TX  75207 |
| Intuit<br>2700 Coast Ave<br>Mountain View, CA 94043 | John Stayer<br>11708 Pallas Place<br>Godley, Texas 76044 | Michael Burt<br>1101 W Buffalo Trail<br>Joshua, TX 76058 |
| IRS-SBSE INSOLVENCY AREA 10<br>1100 COMMERCE STREET<br>MC 5026 DAL<br>DALLAS  TX  75242 | Josh Schatzel<br>703 Mustang Trail<br>Granburg, TX 76049 | Michael Morrow<br>4804 Blue Water Circle<br>Granbury, TX 76049 |
| Jackie Bess<br>961 Prairie Timber Road<br>Burleson, TX 76028 | Kristen Laster<br>891 County Road 1123<br>Cleburne, TX 76033 | Michael R. Castro<br>Law Office of Michael R. Castro, PLLC<br>445 E FM 1382<br>Box 3676<br>Cedar Hill, TX 75104 |

| | | |
|---|---|---|
| Michelle Unrue<br>4029 Nola Drive<br>Midlothian, TX 76065 | Pay Pal<br>2211 N. First St.<br>San Jose, CA 95131 | Sam Burgess<br>7033 Shady Hills Lane<br>Burleson, TX 76028 |
| Mike Ryan<br>1129 Garden Ridge Dr<br>Burlseon, TX 76028 | PERDUE BRANDON FIELDER LLC<br>500 E. BORDER STREET, STE. 640<br>SUITE 300<br>ARLINGTON  TX  76010-7457 | Sarah Birchmeier<br>163 Rock Drive<br>Joshua, TX |
| Monty Wade Moore<br>313 Olde Knoll Place<br>Rio Vista, Texas 76093 | Perfection Collection<br>xxxxxx6689<br>Attn: Bankruptcy Department<br>313 E 1200 S, Suite 102<br>Orem, UT 84058 | Steve Bradley<br>302 Pecan St<br>Keene, TX 76031 |
| MS DONNA K. WEBB - AUSA<br>BURNETT PLAZA, SUITE 1700<br>801 CHERRY STREET, UNIT 4<br>FORT WORTH  TX  76102 | Rhonda Woodall<br>712 Featherson Street<br>Cleburne, TX 76033 | Syncb/walmart<br>xxxxxxxxxxxx3695<br>PO Box 960061<br>Orlando FL 32896 |
| Nebraska Furniture Mart<br>xxxxxxx7REV<br>Attn: Collections<br>PO Box 2335<br>Omaha, NE 68103 | Richard Crawley<br>210 Marengo Street<br>Cleburne, TX 76033 | TAX DIVISION<br>US DEPARTMENT OF JUSTICE<br>717 N HARWOOD<br>SUITE 400<br>DALLAS  TX  75201 |
| Nelnet<br>xxxxxxxxxxx2355<br>Attn: Claims<br>PO Box 82505<br>Lincoln, NE 68501 | Ricky Preuninger<br>1805 W Westhill Drive<br>Cleburne, TX 76033 | Terri Welch<br>501 Stadium Dr<br>Glen Rose, TX 76043 |
| Nicole Kincaid<br>2465 Sunfish Pl<br>Bluff Dale, TX 76433 | Roddy Eaton<br>4916 Viejo Ct<br>Granbury, TX 76049 | Tim Truman |
| Paula Jones<br>3925 County Road 310<br>Cleburne, TX 76031 | Roy Goodwin<br>961 La Sierra Drive<br>Crowley, TX 76036 | TMN Enterprise<br>608 West Industrial Blvd<br>Building 200<br>Cleburne, TX 76033 |

Tracey Brown
703 N 5th Street
Temple, TX 76501


UNITED STATES ATTORNEY
NORTHERN DISTRICT OF TEXAS
1100 COMMERCE STREET
ROOM 300
DALLAS  TX  75242


UNITED STATES ATTORNEY
GENERAL
DEPARTMENT OF JUSTICE
RM B103
950 PENNSYLVANIA AVE, NW
WASHINGTON  DC  20530-0001

UNITED STATES TRUSTEE
1100 COMMERCE STREET
ROOM 976
DALLAS  TX  75242-1011


Walter Watkins
755 Shady Tree Court
Burleson, TX 76028


Wendy Bravo
Investigator DA Parker County
117 Fort Worth Hwy
Weatherford, TX 76086